**STATE BOARD OF PHARMACY v. JACOB.**

**SAME v. WAGNER.**

(Supreme Court, Appellate Term. March 21, 1905.)

1. MUNICIPAL COURT ACT—PROCESS—SUMMONS—STATEMENT OF ACTION.

Municipal Court Act, Laws 1902, p. 1502, c. 580, § 38, provides that in an action to recover a penalty or forfeiture given by statute, if a copy of the complaint is not delivered to defendant, a general reference to the statute must be indorsed on the copy of the summons delivered. *Held* that, where the summons and copy summons in an action to recover a penalty properly referred to the statute, the fact that a copy alias summons did not refer to the statute did not deprive the court of jurisdiction, the copy summons and copy alias summons being served at the same time.

2. PROCESS—SERVICE—AMENDED AFFIDAVIT.

Where defendant made no objection to the filing of an amended affidavit of service, it was too late for him to question plaintiff's right to file the amended affidavit on appeal.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Separate actions by the State Board of Pharmacy against Robert Jacob and against Abraham Wagner. From orders denying motions by defendants to set aside judgments, defendants appeal. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

John Loew, for appellants.

H. A. Herold, for respondent.

O'GORMAN, J. These actions were brought by the plaintiff to recover penalties imposed by chapter 667, p. 1471, of the Laws of 1900. Service of the summons, when first issued, not having been made upon the defendants, alias summons were issued, served, and returned with an affidavit of such service indorsed thereon. The appellants' main contention herein is that the copy alias summons served upon the defendants, not bearing thereon the indorsement "action for a penalty pursuant to the provisions of chapter 667, pp. 1480–1482, of the Laws of 1900, sections 198, 201," as required by section 38 of the Municipal Court act (Laws 1902, p. 1502, c. 580), the court below acquired no jurisdiction of the defendants, and therefore erred in not granting the defendants' motion made to set aside the service and vacate the judgments.

The orders appealed from recite that the plaintiff was allowed to file "an amended affidavit of service showing the indorsements on the copy summons served," and the defendants' counsel admits in his brief that "a copy of alias summons, together with a copy summons, was served upon the defendant." The only object of the indorsement referring to the cause of action is to give the person sued notice of the nature of the action (Townsend v. Hopkins, 9 Civ. Proc. R. 257), and, as the original summons and the copy summons served had upon it the required reference to the cause of action, and the copy summons was served with the alias summons, the object of the statute was accomplished as well and as effectually as though such indorsement had also been made upon the alias summons. It does not appear that the defendants made any objection to the filing of the "amended affidavit of service," which was evidently made for the purpose of showing that the copy summons, with the proper indorsements thereon as aforesaid, was served with the copy alias summons. It is therefore now too late to question the right of the plaintiff to file such "amended affidavit."

Orders in each case affirmed, with costs. All concur.